UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| James L. Noble, Jr., ) | |
| ) | Docket No. _____ |
| Plaintiff, ) | |
| ) | **JURY TRIAL DEMANDED** |
| v. ) | |
| ) | |
| Direct Capital Corporation, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## **COMPLAINT**

### **JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action alleging violation of the Fair Labor Standards Act (FLSA) pursuant to 28 U.S.C. 1331 and 29 U.S.C. 216(b).

2. Venue is proper in this Court pursuant to 28 U.S.C. 1391(b) as Direct Capital Corporation is a New Hampshire corporation with a principal office located in the District of New Hampshire.

### **PARTIES**

3. Plaintiff James L. Noble, Jr. has a residential address of 3 Gerrior Drive, Barrington, New Hampshire 03825.

4. Defendant Direct Capital Corporation ("Direct Capital") is a New Hampshire corporation with a principal office located at 155 Commerce Way, Portsmouth, NH. Direct Capital has offices in New Hampshire, New York, Illinois, and possibly other states. Direct Capital's registered agent is Steven Cohen, Esq., 111 Amherst Street, Manchester, NH 03101.

## FACTUAL ALLEGATIONS

5.     Plaintiff James Noble, Jr. was employed by Direct Capital from approximately January 3, 2006 until September 12, 2008.  Mr. Noble always performed inside sales duties for Direct Capital.  Mr. Noble was never paid overtime for hours that he worked in excess of 40 in a workweek.

6.     At all relevant times, Direct Capital has constituted an enterprise engaged in commerce and in the production of goods for commerce as those terms are used in sections 6 and 7 of the federal Fair Labor Standards Act, 29 U.S.C. §§ 206-207.  Direct Capital operates an equipment rental, leasing and finance business.

7.     Direct Capital did not compensate Mr. Noble for hours he worked in excess of 40 hours per week.  Mr. Noble regularly worked over 40 hours per week.

8.     Direct Capital maintained a corporate policy in its employee handbook that required employees in Mr. Noble's position to work a minimum of 42 work hours per week.

9.     In addition to the 42 minimum hours per week required, Direct Capital also encouraged Mr. Noble to work additional hours.

10.    Upon information and belief, Direct Capital was aware that the inside sales employees, including Mr. Noble, were misclassified as exempt from federal overtime requirements but, nevertheless, continued to fail to pay overtime for hours worked in excess of 40 in a workweek.

11.    Beginning on January 3, 2006, Plaintiff James Noble, Jr. served as a Finance Manager dealing specifically with customers who had sub-prime credit.  This was an inside sales position.  Mr. Noble was paid a salary draw plus commissions based upon a 40 hour work-week. Mr. Noble regularly worked over 40 hours, but was not paid any additional compensation.

12. On or about December 15, 2007, Mr. Noble was given the title of Special Product Group Manager and was paid a salary of $40,000 plus commissions based upon a 40 hour workweek. Mr. Noble regularly worked over 40 hours but was not paid any additional compensation.

13. During all relevant times, Mr. Noble's primary duties involved making and receiving telephone calls and speaking to customers and potential customers about financing the sale or lease of equipment.

14. Except for approximately two to four months during late 2007 and/or early 2008 (he is not seeking overtime wages for this time period), Mr. Noble did not regularly supervise at least two employees.

## COUNT I – VIOLATION OF FLSA

15. Plaintiff repeats and realleges the prior allegations of the Complaint.

16. For the past three years, Direct Capital has willfully violated the wage payment and records provisions of the FLSA by engaging in a pattern or practice of:

(a) failing to keep accurate records showing all the time it permitted and/or required Plaintiff to work, which has resulted in the denial of compensation, either at a regular rate or an overtime premium, as required by the FLSA, for all time worked in excess of 40 hours in a workweek;

(b) permitting and/or requiring Plaintiff to perform integral and indispensable activities before and/or after the regular paid 40 hour workweek, for the benefit of Direct Capital and without compensation at the applicable federal overtime rates;

(c) permitting and/or requiring Plaintiff to work overtime in excess of 40 hours in a workweek without appropriate compensation.

17. Because Direct Capital's violations of the FLSA were willful, a three-year statute of limitations must be applied pursuant to 29 U.S.C. §255.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Honorable Court will:

A. Schedule a jury trial to adjudicate the claims asserted herein;

B. Make an award of damages including compensation for work time, liquidated damages, prejudgment interest, costs, and attorneys' fees; and

C. Grant such other and further relief as the Court deems just, equitable, and within its powers to grant.

Respectfully submitted,

JAMES L. NOBLE, JR.

By His Attorneys,

UPTON & HATFIELD, LLP

Dated: May 5, 2010
By: /s/ Lauren S. Irwin_____
Lauren S. Irwin (NHBA# 10544)
Heather M. Burns (NHBA# 8799)
10 Centre Street, PO Box 1090
Concord, NH 03302-1090
(603) 224-7791