UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| JAMES L. NOBLE, JR. and  )  <br>KEVIN MERRILL,                          )  <br>                                               )  <br>            Plaintiffs,                  )  <br>                                               )  <br>v.                                            )      Case No. 1:10-cv-00175-SM  <br>                                               )  <br>DIRECT CAPITAL CORPORATION )  <br>                                               )  <br>            Defendant.                )  | |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT
## AND INCORPORATED MEMORANDUM OF LAW

NOW COME Plaintiffs, JAMES L. NOBLE, JR. and KEVIN MERRILL, and Defendant, DIRECT CAPITAL CORPORATION (collectively the "Parties"), by their respective attorneys, and jointly notify the Court that the Parties have resolved the above-referenced action and all claims raised therein.  The Parties hereby stipulate to the voluntary dismissal of this action in its entirety with prejudice pursuant to Fed. R. Civ. P. 41(a).  The Parties also jointly move the Court for entry of an Order approving the Parties' settlement and the dismissal of the claims raised in this action under the Fair Labor Standards Act, 29 U.S.C. § 216(b) (the "FLSA").  To facilitate the Court's review of the Parties' mutual settlement agreements and to preserve their confidentiality, the Parties respectfully request the Court's permission to submit the mutual settlement agreements for *in camera* inspection, or, in the alternative, permission to file the settlement agreements under seal.

## BACKGROUND

1.  This action involves two consolidated complaints. Plaintiff James L. Noble, Jr., filed a complaint on or about May 5, 2010 (Case No. 1:10-cv-00175-SM) and Plaintiff Kevin Merrill filed a complaint on or about May 10, 2010 (Case No. 1:10-cv-00184-SM). The two cases were consolidated by Order dated July 19, 2010.

2.  The Plaintiffs allege that during their employment with Defendant, Direct Capital Corporation, they were misclassified as exempt from the overtime provisions of the FLSA and were not paid overtime compensation when they worked more than 40 hours in a workweek. Plaintiff Noble claims that he is entitled to overtime compensation for 12.5 hours per week for a period of 85 weeks, totaling $30,600. Plaintiff Merrill claims that he is entitled to overtime compensation for 7.5 hours per week for a period of 82 weeks, totaling $12,416.

3.  Defendant disputes that the Plaintiffs were misclassified as exempt in the first instance and thus deny any liability. Even if Plaintiffs are entitled to recover unpaid overtime wages, however, Defendant disputes their computation of the amounts allegedly due. First, Defendant asserts that because the statute of limitations would extend back only two years, see 29 U.S.C. § 255(a), Plaintiff Noble would be entitled to only 19 weeks of unpaid overtime and Plaintiff Merrill would be entitled to only 11 weeks. Defendant also disputes the method upon which Plaintiffs have calculated their alleged unpaid wages, asserting that the fluctuating workweek method is the appropriate method of calculating alleged back wages. See Valerio v. Putnam Assocs., Inc., 173 F.3d 35 (1st Cir. 1999). Defendant estimates Plaintiff Noble's alleged back wages to total $1,739.93 and Plaintiff Merrill's to total $450.91.

4.  In light of these issues, in addition to the expense and uncertainty of litigation, the Parties have reached a resolution of the Plaintiffs' claims. The terms of the settlement are

2

memorialized in the Parties' respective agreements, which the Parties respectfully request permission either to submit for *in camera* inspection or, in the alternative, to file under seal.

5. Accordingly, the Parties respectfully request that the Court review the respective agreements either *in camera* or under seal, consider them in light of the foregoing factual background and pursuant to the following legal principles, and thereafter enter an Order approving the settlement agreements and dismissing this action with prejudice.

**LEGAL PRINCIPLES AND DISCUSSION**

6. Pursuant to the FLSA, claims for back wages and other damages arising under the FLSA may only be settled or compromised with the approval of the district court or the Secretary of Labor. See Brooklyn Savings Bank v. O'Neil, 324 U.S. 697 (1945); D.A. Schulte, Inc. v. Gangi, 328 U.S. 108 (1946); see also Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982) (claims for back wages arising under the FLSA may be settled or compromised only with the approval of the Court or the Secretary of Labor). Before approving an FLSA settlement, the Court must ensure that it is "a fair and reasonable resolution of a bona fide dispute." Lynn's Foods Stores, 679 F.2d at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." Id. at 1354. In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

    (1) the existence of fraud or collusion behind the settlement;

    (2) the complexity, expense, and likely duration of the litigation;

    (3) the stage of the proceedings and the amount of discovery completed;

    (4) the probability of plaintiff's success on the merits;

    (5) the range of possible recovery; and

  (6) the opinions of the counsel.

See Leverso v. South Trust Bank of Ala., Nat. Assoc., 18 F.3d 1527. 1531 n.6 (1lth Cir. 1994). The Court should be mindful of the strong presumption in favor of finding a settlement fair. See Cotton v. Hinton, 559 F.2d 1326, 1331 (5th Cir. 1977).

  7. Here, the Parties' settlement agreements are the result of a bona fide compromise between them on a variety of disputes of law and fact. The Parties stipulate that they are resolving the matter in order to avoid the cost, time, and risks associated with continued litigation. All Parties agree that there is a bona fide factual dispute regarding Plaintiffs entitlement to overtime compensation. Thus, this case would have caused large and undue expense for all Parties.

  8. The settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. The Parties, through their attorneys, voluntarily agreed to the terms of their settlement during negotiations. In agreeing upon the proposed settlement, the Parties had sufficient information and had conducted an adequate investigation to allow them to make an educated and informed analysis and conclusion. All Parties were counseled and represented by their respective attorneys throughout the litigation and settlement process. Counsel for all Parties agree that, in their respective opinions, the settlement is fair and reasonable under the circumstances.

  9. The Parties attest to the fairness and reasonableness of their amicable settlements, and request that the Court approve the settlements and dismiss the complaints with prejudice. Paragraph 1 of the respective confidential settlement agreements executed in February 2011 sets forth the specific monetary consideration provided to Plaintiffs to resolve their claims and pay their attorney's fees and expenses. The Parties agree and hereby stipulate that the amount set

forth therein is sufficient to compensate Plaintiffs for all back wages and attorney's fees that they claim they are owed by Defendant, plus an additional sum in liquidated damages.

10. The Parties intend this settlement to represent a final resolution of all claims actually raised in this action or that could have been raised by Plaintiffs, and it is the Parties' intention to permanently terminate this action. The Parties have further agreed that, other than the attorney's fees payments in the mutual settlement agreements, the Parties are responsible for their own attorneys' fees and costs associated with this action.

## **CONCLUSION**

11. The Parties jointly and respectfully request this Court approve the mutual settlement agreements of the Parties, and dismiss the complaints with prejudice. The Parties respectfully request permission to submit their settlement agreements for inspection *in camera*. Alternatively, the Parties respectfully request permission to file the mutual settlement agreements under seal so as to preserve the confidentiality of the agreements.

## **MEMO STATEMENT, LR 7.1(a)(2)**

12. No memorandum of law accompanies this Motion. To the extent it relies on legal authority, it is cited herein.

WHEREFORE, the Parties respectfully request that this Honorable Court:

A. Approve the mutual settlement agreements;

B. Dismiss the complaints with prejudice;

C. Permit the Parties to submit their settlement agreements for inspection *in camera*, or alternatively, to file them under seal; and

D. Grant such other and further relief as justice and equity may require.

Respectfully Submitted,

JAMES L. NOBLE, JR. AND KEVIN MERRIL,
By their attorneys,
UPTON AND HATFIELD LLP

Dated: February 11, 2011    By:    /s/Lauren S. Irwin
                                                  Lauren S. Irwin, NHBA# 10544
                                                  Heather M. Burns, NHBA# 8799
                                                  10 Centre Street, PO Box 1090
                                                  Concord, NH 03302-1090
                                                  (603) 224-7791

AND

DIRECT CAPITAL CORPORATION,
By its attorneys,
JACKSON LEWIS LLP,

Date:   February 11, 2011    By:    /s/Debra Weiss Ford
                                                  Debra Weiss Ford, NHBA# 2687
                                                  100 International Drive, Suite 363
                                                  Portsmouth, NH 03801
                                                  603.559.2700
                                                  fordd@jacksonlewis.com

<u>Certificate of Service</u>

    I hereby certify that a copy of the foregoing was this day served on the following persons via Electronic Filing: Heather M. Burns, Esq. and Lauren S. Irwin, Esq., counsel for Plaintiffs.

Date:   February 11, 2011                                /s/Debra Weiss Ford
                                                                            Debra Weiss Ford

4810-6428-5192, v. 1